IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DERRICK ALLEN, SR.,            )
                               )
          Plaintiff,           )
                               )
     v.                        )     1:22CV403
                               )
PERSONEL ADVANCE RESOURCES,    )
et al.,                        )
                               )
          Defendants.          )

## ORDER

On May 28, 2022, and June 2, 2022, the United States Magistrate Judge's Text Order and Recommendations were filed and notice was served on the parties in accordance with 28 U.S.C. § 636(b). On June 6, 2022, an objection to the June 2, 2022 Text Order and Recommendation was filed within the time limits prescribed by section 636.

Pursuant to 28 U.S.C. § 636, the court is obliged to conduct a *de novo* determination as to "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); accord Fed. R. Civ. P. 72(b)(2)-(3). An objecting party is required to identify specifically those findings objected to and to support such objection with the basis for it. Suntrust Mortg., Inc. v. Busby, 651 F. Supp. 2d 472, 476 (W.D.N.C. 2009). "A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge.

An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." Id. (quoting Aldrich v. Bock, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004)); see United States v. O'Neill, 27 F. Supp. 2d 1121, 1126 (E.D. Wis. 1998) (noting that "[w]ithout specific reference to portions of the magistrate's decision and legal discussion on the objected portion, the district court's duty to make a *de novo* determination does not arise"). Similarly, general or conclusory objections that do not point to specific error do not require this court's *de novo* review and will result in the waiver of appellate review. E.g., Smith v. Wash. Mut. Bank FA, 308 F. App'x 707, 708 (4th Cir. 2009) (per curiam) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). In the absence of a valid objection, the court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note). "A finding is clearly erroneous when, although there is evidence to support it, on the entire evidence the reviewing court is left with the definite and firm conviction that a mistake has been committed." Faulconer v. C.I.R., 748 F.2d 890, 895 (4th Cir. 1984) (citing United States v. Gypsum Co., 333 U.S. 364, 395

2

(1948)).

Here, Plaintiff's objection fails to set forth any analysis or reasons to address the specific deficiencies identified by the Magistrate Judge. The court therefore need not conduct a de novo review. The court has reviewed and hereby adopts the Magistrate Judge's Recommendations.[1]

IT IS THEREFORE ORDERED that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B) as frivolous and for failure to state a claim.

                                                /s/    Thomas D. Schroeder
                                     United States District Judge

June 29, 2022

---

[1] This action is one of more than 65 lawsuits this Plaintiff has filed in this court recently.